UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-2639-CAS (KK) | Date: | April 3, 2018 |
| Title: | *Samuel Anderson v. Keaton, Warden* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed for Failure to Sign the Petition and/or As Untimely

# I.
# INTRODUCTION

On March 19, 2018, Petitioner Samuel Anderson ("Petitioner") constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his 2014 conviction and sentence for second degree robbery and petty theft with priors. ECF Docket No. ("Dkt.") 1, Pet. However, the Petition is unsigned and appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed for failure to sign the Petition or as untimely.

///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, Petitioner has not signed the Petition, but it appears from the signed date on the envelope that Petitioner gave the Petition to prison authorities on March 19, 2018. Therefore, the Court will give Petitioner the benefit of the earlier constructive filing date for purposes of this Order.

# II.
# BACKGROUND

On July 17, 2014, following a jury trial, Petitioner was convicted of second degree robbery and petty theft with prior theft-related convictions. Dkt. 1 at 2; see also People v. Anderson, No. B259053, 2015 WL 6736713, at *1 (Cal. Ct. App. Nov. 4, 2015).[2] Petitioner was sentenced to a term of seventeen years in state prison. See Dkt. 1 at 2; Anderson, 2015 WL 6736713, at *1.

On September 25, 2014, Petitioner filed a direct appeal in the California Court of Appeal. Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2088430&doc_no=B259053&request_token=NiIwLSIkXkw7WzBBSSFdUEJIUFw6USxTJiBORz9TQCAgCg%3D%3D (last updated Apr. 3, 2018, 9:09 AM). On November 4, 2015, the California Court of Appeal modified the judgment to strike Petitioner's one-year prison term enhancement that was based on the 1996 conviction for assault with a deadly weapon and affirmed the judgment in all other respects. Dkt. 1 at 3; Anderson, 2015 WL 6736713, at *5.

On December 8, 2015, Petitioner filed a petition for review in the California Supreme Court. Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2127487&doc_no=S231059&request_token=NiIwLSIkXkw7WzBBSSFdSExIMDg0UDxTICJORz9RICAgCg%3D%3D (last updated Apr. 3, 2018, 9:09 AM). On January 13, 2016, the California Supreme Court denied the petition for review. Id.

On April 12, 2016, Petitioner filed a habeas petition in the Los Angeles County Superior Court. Dkt. 1-2 at 9-10.[3] On June 17, 2016, the superior court denied the petition. Id.

On August 15, 2016, Petitioner filed a habeas petition in the California Court of Appeal. Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2151945&doc_no=B276833&request_token=NiIwLSIkXkw7WzBBSSFdSExIMDg6USxTJCM%2BJzlTQCAgCg%3D%3D (last updated Apr. 3, 2018 at 9:09 AM). On August 25, 2016, the California Court of Appeal denied the petition. Id.

On October 28, 2016, Petitioner filed a habeas petition in the California Supreme Court. Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2168390&doc_no=S238039&request_token=NiIwLSIkXkw7WzBBSCNNXENIIDw0UDxTICBeRzlRICAgC

---

[2] The Court takes judicial notice of Petitioner's prior proceedings in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[3] The Court refers to the pages of the Petition as they are numbered by the Court's electronic docketing system.

g%3D%3D (last updated Apr. 3, 2018 at 9:09 AM).  On December 21, 2016, the California Supreme Court denied the petition.  Id.

On February 7, 2018, Petitioner constructively filed in this Court a Motion for "Exhaustion of State Remedies" without an accompanying Petition.  Anderson v. People of the State of Cal., CV 18-1169-CAS (KK), Dkt. 1.  On February 16, 2018, the Court denied the motion for exhaustion and entered judgment dismissing the action without prejudice.  Id. at Dkts. 3, 4.

On March 19, 2018, Petitioner constructively filed the instant unsigned Petition in this Court.  See Dkt. 1.

## III.
## DISCUSSION

**A.    THE PETITION IS NOT SIGNED BY PETITIONER AND IS SUBJECT TO DISMISSAL**

"The district court may refuse to file, or may dismiss, an unsigned and unverified petition."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citing In re Application of Gibson, 218 F.2d 320 (9th Cir. 1954) (affirming the district court's refusal to file an unverified petition), cert. denied, 348 U.S. 955, 75 S. Ct. 445, 99 L. Ed. 746 (1955)).  Here, Petitioner did not sign the Petition.  Thus, the Petition is subject to dismissal.

**B.    THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL**

**1.    The Petition Was Filed After AEDPA's One-Year Limitations Period**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014).  AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court."  Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on April 12, 2016, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on January 13, 2016.  Porter, 620 F.3d at 958-59.  AEDPA's one-year limitations period commenced the next day, April 13, 2016, and expired on April 13, 2017.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the

Petition on March 19, 2018. Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by eleven months under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

### 2. Statutory Tolling Does Not Render the Petition Timely

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a petitioner is entitled to statutory tolling (i.e. gap tolling) for reasonable periods between the filing of properly filed applications for State post-conviction or other collateral review. Nedds, 678 F.3d at 781.

Here, AEDPA's one-year statute of limitations commenced on April 13, 2016, but Petitioner had already filed his first state habeas petition in the Los Angeles County Superior Court on April 12, 2016. Therefore, statutory tolling applied from the date Petitioner filed his first state habeas petition on April 12, 2016 until the California Supreme Court denied his third state habeas petition on December 21, 2016. Nedds, 678 F.3d at 780.

Accordingly, AEDPA's one-year statute of limitations commenced on December 22, 2016 and expired one year later on December 22, 2017. However, Petitioner did not file the instant Petition until March 19, 2018, almost three months later. Therefore, statutory tolling does not render the Petition timely.[4]

### 3. Equitable Tolling Does Not Render The Petition Timely

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

Here, Petitioner does not appear to identify any reasons entitling him to equitable tolling, and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

---

[4] Even if the Court could consider the February 7, 2018 constructive filing date of Petitioner's Motion for Exhaustion as the filing date of the instant Petition, the Petition would still be untimely by over six weeks.

# IV.
# ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed by filing written responses as set forth below **no later than April 24, 2018**.

FIRST, Petitioner must address his failure to sign the Petition by filing a signed First Amended Petition. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition.

SECOND, Petitioner must address the apparent untimeliness of the Petition. Petitioner must file a written response explaining why the Petition should not be dismissed as untimely. Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice:** Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.** However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**